STATE OF WEST VIRGINIA

FILED

April 2, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**LAWRENCE G. SPENCE,**
**Claimant Below, Petitioner**

**vs.)  No. 12-1117** (BOR Appeal No. 2047055)
(Claim No. 2011039373)

**CLIFFS LOGAN COUNTY HOLDINGS, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Lawrence G. Spence, by Anne L. Wandling, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Cliffs Logan County Holdings, LLC, by Sean Harter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 30, 2012, in which the Board affirmed a March 21, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 7, 2011, decision denying Mr. Spence's request to add right leg radiculopathy and low back pain as compensable components. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Spence worked as an electrician for Cliffs Logan County Holdings, LLC when he fell on a set of stairs. The claim was held compensable for left knee sprain and left ankle sprain. Robert McCleary, M.D., concluded that Mr. Spence's low back pain with right leg radiculopathy should be compensable because it occurred during physical therapy for the May 16, 2011, work-related injury. Prasadarao B. Mukkamala, M.D., determined that there were no objective physical findings to support Mr. Spence's ongoing subjective complaints and that the back pain complaints are not causally related to the compensable injury that occurred on May 16, 2011.

1

The claims administrator denied Mr. Spence's request to add right leg radiculopathy and low back pain as compensable components.

The Office of Judges affirmed the claims administrator's decision and held that Mr. Spence's right leg radiculopathy and low back pain are not related to the compensable injury but are preexisting conditions based upon multiple medical records showing he complained of these same symptoms in the past. On appeal, Mr. Spence disagrees and asserts that the preponderance of the evidence establishes that his low back pain and right leg radiculopathy should be added as compensable components because his treating physician, Dr. McCleary, found these diagnoses related to his work injury. Cliffs Logan County Holdings, LLC maintains that Mr. Spence's right leg radiculopathy and lower back pain preexisted his compensable leg injury that occurred on May 16, 2011.

The Office of Judges found Mr. Spence's description of what occurred on June 30, 2011, at physical therapy was inconsistent with the treatment notes of Appalachian Rehabilitation Center. The Office of Judges determined that the physical therapist did not send Mr. Spence to a physician for his back pain as Mr. Spence stated but that he went on his own. The Office of Judges determined that Mr. Spence's statement that he never had any previous incident of back pain with the exception of his motor vehicle accident in 2000 is incorrect. The Office of Judges found records from Appalachian Regional Hospital dated June 6, 2004, that showed Mr. Spence had a significant two motor vehicle collision. The Office of Judges further found records from Appalachian Regional Hospital that showed Mr. Spence was seen on September 21, 2005, and again in August of 2010 for complaints of back pain radiating down his right leg, which are the same symptoms that form the basis of his current request. Mr. Spence was also seen for complaints of back pain at Logan Regional Medical Center in March of 2010. The Office of Judges concluded that these medical records cast sufficient doubt upon Mr. Spence's testimony to show that he has not proven these diagnoses should be added as compensable components based upon a preponderance of the evidence. The Office of Judges held that Mr. Spence's right leg radiculopathy and low back pain are not related to the compensable injury but are preexisting conditions. The Board of Review reached the same reasoned conclusions in its decision of August 30, 2012. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  April 2, 2014**

2

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum